```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

PROGRESSIVE CASUALTY         )
INSURANCE COMPANY,           )
                             )
            Plaintiff,       )
                             )
       vs.                   )      CAUSE NO. 1:09-CV-56
                             )
SHANE CHALFANT and           )
KATHY (BROWER) CRAGER,       )
                             )
            Defendants.      )

## OPINION AND ORDER

This is an insurance coverage dispute in which the plaintiff, Progressive Insurance Company, seeks summary judgment on its claim for declaratory relief. The dispute arose out of an automobile accident between the two defendants, Shane Chalfant and Kathy Crager. Chalfant was a delivery driver for Pizza Hut and was on his way back to the store after having made a pizza delivery when the accident occurred. [DE 13-4.] Crager sued Chalfant and Pizza Hut in Allen County Superior Court for damages that she sustained as a result of the accident. Progressive insures Chalfant but disclaims coverage. According to Progressive, although Shane Chalfant is a named insured under the policy that it issued, Progressive has no duty to indemnify Chalfant because of the following exclusion in the policy:

> Bodily injury or property damage arising out of the ownership, maintenance or use of any vehicle or trailer being used to carry persons or property for compensation or a fee, including, but not limited to, pickup or delivery of magazines, newspapers, food, or any other products.

[DE 13-2, at 2.] Progressive seeks a declaratory judgment that Shane Chalfant is not entitled to coverage under the insurance policy for claims asserted in the state court action brought by Crager.

As mentioned, Progressive has filed a motion for summary judgment. Crager responded to the motion, but Chalfant did not. Chalfant is a *pro se* defendant, and his grandfather filed a brief response in the form of a letter on his behalf. [DE 17.] But I can't consider this response made on behalf of Chalfant because Chalfant is neither incompetent nor a minor, and his grandfather is not his general guardian. *See* Fed. R. Civ. P. 17(c).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons, Co.,* 42 F.3d 439, 443 (7th Cir.1994). The nonmoving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby,* 477 U.S. 242, 252 (1986). Under Rule 56(e), the nonmoving party must allege these specific facts showing a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories and admissions on file. *Celotex Corp.*, 477 U.S. at 324.

Our local rules set forth specific requirements for both the party moving for summary judgment as well as for the non-moving party. In particular, Local Rule 56.1 directs the moving party to file a "Statement of Material Facts" as to which "the moving party contends there is no

genuine issue." N.D. Ind. L.R. 56.1(a). The party opposing a summary judgment motion then must respond to each of the purported undisputed facts with a "Statement of Genuine Issues" setting forth "all material facts as to which it is contended there exists a genuine issue necessary to be litigated." *Id.* The Local Rule specifically states that "the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion[.]" N.D. Ind. L.R. 56.1(b); *see also Thiele v. Norfolk & Western Ry. Co.*, 873 F. Supp. 1240, 1243 (N.D. Ind. 1994).

There is no genuine issue of material fact here. Progressive supported its statement of material facts with the insurance policy, the Allen County Complaint, the affidavit of Kelly Parenti (a Progressive employee who spoke with Chalfant regarding the accident), and the transcript of the conversation that Parenti had with Chalfant. [DE 13-4.] Progressive describes the relevant exclusion of the policy Chalfant was insured under. Progressive also states that Chalfant was employed by Pizza Hut to deliver pizzas, that at the time of the accident he had delivered a pizza for Pizza Hut, and was driving back to the store when he got into the accident with Crager. [DE 13-4, at lns. 177-86.] Progressive supported Chalfant's employment and the description of the accident by the transcript of Chalfant's telephone conversation with Parenti.

Crager's response to the motion did not rebut Progressive's statement of undisputed facts. Instead, Crager argues that the affidavit and transcript are inadmissible hearsay. The statements in the transcript are admissible evidence because they are a statement of a party opponent (Chalfant) and thus, by definition, they are not hearsay. *See* Fed. R. Evid. 801(d)(2)(A); *United States v. Hubbard*, 22 F.3d 1410, 1416-17 (7th Cir. 1994) (taped statement

3

of defendant admissible as a statement of a party opponent). Crager provides no additional evidence to dispute Progressive's statement of facts. Rather, Crager's argument opposing summary judgment is that the proper interpretation of the insurance policy's exclusion requires coverage here. [DE 20, at 8.]

Interpretation of an insurance policy is a question of law appropriate for summary judgment. *National Athletics Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). And if the insurance policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Id.* Ambiguous language in insurance policies are construed against the insurance company. *Allstate Ins. Co. v. Brown*, 16 F.3d 222, 225 (7th Cir. 1994); *USA Life One Ins. v. Nuckolls*, 682 N.E.2d 534, 537-38 (Ind. 1997).

The insurance policy in this case is unambiguous, and the exclusion from coverage applies to this set of facts. Chalfant admitted that at the time of the accident he was returning from delivering pizza for Pizza Hut and he was doing it for compensation. The policy exclusion clearly states that coverage does not apply for injury or damage arising out of the use of a vehicle "for compensation or a fee" including "pickup or delivery of . . . food." [DE 13-2, at 2.] Given that Chalfant was completing the delivery of food, which he was compensated for because delivery was his primary responsibility at Pizza Hut, the exclusion applies. Perhaps the exclusion would not apply if, after delivering the pizza, Chalfant went on a personal errand or had completed his shift and was on his way home. I need not decide that issue, however, because Chalfant admits that "he had just delivered a pizza and (was on his) way back to the store." [DE 13-4, at lns 183-86].

Crager argues that the exclusion's phrase "for compensation or a fee" is ambiguous, but she relies on cases with distinguishable facts and different policy language. *U.S. Fidelity & Guaranty Co. v. Lightening Rod Mut. Ins. Co.*, 687 N.E.2d 717, 718 (Ohio 1997); *Progressive Max Ins. Co. v. Matta*, No. 07-MA-30, 2008 WL 667958 (Ohio Ct. App. Mar. 11, 2008); *Colonial Ins. Co. of Cal. v. Jermann*, 657 N.E.2d 336 (Ohio Ct. App. 1995).

First, Crager relies on an Ohio Supreme Court case which considered a policy that excluded coverage for damage occurring while carrying property "for a fee." *U.S. Fidelity*, 687 N.E.2d at 718. In that case the pizza delivery person was paid on an hourly basis and reimbursed for mileage for his deliveries. The Ohio Supreme Court began its analysis by recognizing that the "for a fee" language was subject to two interpretations: (1) excluding from coverage use of a vehicle to transport property where there is any kind of payment to the insured, or (2) excluding from coverage only when a fee is paid specifically for the act of transporting property. *Id.* at 719. The court determined that because the language of the contract was ambiguous, it had to be construed against the insurer, and thus held that the exclusion did not apply.

Crager relies on this case to argue that the policy language here is likewise ambiguous. But the policy language in this case includes the term "compensation" in the exclusion, and this actually fixes the ambiguity noted by the court in *U.S. Fidelity*. Whereas in *U.S. Fidelity* the court found the ambiguity because it was unclear whether the intended definition included "compensation," the policy here explicitly includes that term. Thus, the reasoning in *U.S. Fidelity* does not persuade me that the phrase "for compensation or a fee" is ambiguous.

Crager does direct me to a case with similar policy language – "for compensation or a fee" – as the policy exclusion here. *Progressive v. Matta*, 2008 WL 667958, at *5. But *Matta* is

5

neither binding on me nor particularly persuasive. In any event, it merely holds that the term "compensation" is ambiguous unless there is evidence that "the insured is being paid exclusively and specifically for . . . delivering . . . property." *Id.* There is such evidence in this case. That's what Chalfant admitted to in his statement.

Crager's citation to *Colonial Insurance v. Jermann* is inapplicable as well. The policy in *Colonial Insurance* excluded coverage when damage occurred because a car was "used to carry persons or property for a charge." 657 N.E.2d at 386. The court held that the exclusion was ambiguous, and that because there was not evidence of a separate fee for each delivery, the exclusion did not apply. *Id.* at 387-88. But like the *U.S. Fidelity* case, *Colonial Insurance* dealt with more narrow policy language –"for a charge"– than the language employed here – "for compensation or a fee." Crager cites to several other cases finding ambiguity, but none of them include the same policy language as the language in this case. *See, e.g.*, *Progressive Cas. Ins. Co. v. Metcalf*, 501 N.W.2d 690, 692 (Minn. Ct. App. 1993) (finding exclusion with "for a fee" language ambiguous); *RPM Pizza, Inc. v. Automotive Cas. Ins. Co.*, 601 So. 2d 1366, 1368-70 (La. 1992) (same).

Crager also contends that the exclusion should not apply because some cases have held that an exclusion using "for a fee" language requires evidence of a separate payment for each delivery. *See Progressive Ins. Co. v. Harger*, 777 N.E.2d 91, 92 (Ind. Ct. App. 2002). The Indiana case she cites involved the "for a fee" language, where the individual driving the vehicle was the assistant manager of the Pizza Hut, who was paid a salary for his duties related to the assistant manager position. *Id.* at 92. Because Pizza Hut paid for deliveries "per run," and the

6

assistant manager was not paid for that run, the exclusion did not apply because he was not paid a separate fee. *Id.*

But as noted above, the argument that a separate payment is necessary ignores the term "compensation" in the exclusion at hand which makes it broader than the exclusion in *Harger.* The word "compensation" means "something given or received . . . as payment for services." THE AMERICAN HERITAGE DICTIONARY (2d ed. 1985). That describes precisely what Chalfant was doing when he got into the accident with Crager. Chalfant admitted that he was employed by Pizza Hut as a "Delivery Driver" and his main duty was delivering pizzas. [DE 13-4, at lns. 232-44.] Given that he was returning to the Pizza Hut from a pizza delivery at the time of the accident, he was being paid for his service, meaning he was being "compensated" at the time. Crager does not provide a convincing argument that Chalfant, whose main responsibility at Pizza Hut was delivering pizzas, was not "compensated" for this delivery.

Crager also makes the strained argument that the exclusion does not apply because Chalfant was returning from the delivery. But the only reason that Chalfant was driving at the time of the accident was because he was completing a pizza delivery and returning to the Pizza Hut. [DE 13-4, at lns. 183-86.] The policy exclusion applies to the "delivery of food." To exclude the return trip from what constitutes a "delivery" would be preposterous. Under such a reading Chalfant would be found to be compensated for dropping the pizza off but considered "off-duty" when he was returning to the store. Insurance policies are contracts. *Myles v. General Agents Ins. Co. of Am., Inc.*, 197 F.3d 866, 868 (7th Cir. 1999). And contracts have to be read sensibly. *Tice v. American Airlines, Inc.*, 288 F.3d 313, 316 (7th Cir. 2002). To exclude

7

the return trip from what constitutes a "delivery of food" strains the meaning of the words and the obvious intent of the parties.

Progressive has shown that there are no material facts in dispute and that the insurance policy's exclusion applies to the facts at hand. For the foregoing reasons, Progressive's Motion for Summary Judgment is **GRANTED**, and the clerk is **DIRECTED** to enter judgment in favor of Plaintiff and against Defendants.

**SO ORDERED**.

ENTERED: January 22, 2010

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
